A. D. LINDSAY, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed May 2, 1929.

*L. V. Trueman* and *John M. Coe*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *H. E. Carter*, Assistant, for the State.

BUFORD, J.—In this case the plaintiff in error was indicted in Santa Rosa County and upon arraignment filed a plea in abatement in which he alleged in effect that one Joseph T. Allen was summonsed, qualified and served on the grand jury which returned the indictment against him the said Lindsay, and that the said Allen was not qualified under the laws of the State of Florida to sit as a grand juror in

said court at the time he was summonsed, at the time he appeared and qualified, at the time indictment was found and at the time the indictment was returned in the court, upon the following grounds:

That at the time the said grand juror's name was drawn from the jury box, and at the time he was served with summons to appear for jury duty, and at all times thereafter was a duly appointed, qualified and acting Deputy Sheriff of Santa Rosa County, Florida; that the said grand juror after being so drawn and served, with fraudulent intent then and there to lend himself an appearance of qualification, pretended to resign his said office or position as such deputy sheriff, although he retained the duties and emoluments thereof, he, the said Jos. T. Allen, then and there intending to pretend to resume his said office and position as such deputy sheriff upon the termination of his said service as such grand juror, for the sole purpose and intent of enabling him, the said Jos. T. Allen, to sit as a grand juror at the Fall Term of the Circuit Court of Santa Rosa County, Florida; wherefore defendant says that the said Jos. T. Allen has never ceased to be such deputy sheriff as aforesaid, and was disqualified as a grand juror at the time he acted upon the indictment herein, and this he is ready to verify.

A demurrer to the plea in abatement was interposed and the demurrer sustained. Thereupon, plaintiff went to trial and was convicted and sentenced. From the judgment of conviction he took writ of error.

Sec. 4451, Comp. Gen. Laws of Fla., par. 2, is as follows:

By Official Position. Neither the Governor his Cabinet Officers, nor any sheriff or his deputy, assessor of

taxes, collector of revenue, county treasurer, clerks of courts, judges, justices of the peace, county commissioners or United States officials shall be qualified to be jurors.

Sec. 8213, Comp. Gen. Laws of Fla. is as follows:

Their Procurement.  All the provisions of law covering the qualifications, disqualifications, exemptions, drawing, summoning, supplying deficiencies in whole or in part, and compensation and procurement of petit jurors shall apply to said grand jurors.

The plea alleges sufficient state of facts, if true, to show the juror to have been disqualified and if such disqualification existed which is alleged in the plea to have existed, then the presence of such disqualified juror on the grand jury which returned the indictment would vitiate the indictment so returned, under authority of the opinion in the case of Hicks v. State, filed February 13, 1929, and reported in 120 So. R. 330.

The demurrer to the plea in abatement should have been overruled.

For the reasons stated, the judgment must be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.